/s/Marian F. Harrison

_____
MARIAN F. HARRISON
UNITED STATES BANKRUPTCY JUDGE

MAR 3 0 2006

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

IN RE: )
 )
RODNEY M. PHELPS & ) CASE NO. 305-08445
ASSOCIATES, P.C., )
 ) CHAPTER 7
      Debtor. )
 ) JUDGE MARIAN F. HARRISON
 )

## MEMORANDUM OPINION

This matter is before the Court upon the debtor's motion for contempt against Arkansas Chiropractors Legal Action Committee (hereinafter "ACLAC") and William T. Finnegan (hereinafter "Mr. Finnegan") for their alleged violation of the automatic stay.[1] For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, the Court finds that the motion should be denied.

---

[1] ACLAC and Mr. Finnegan's motion for relief from the automatic stay was also scheduled to be heard, but at the hearing, ACLAC and Mr. Finnegan announced that they would no longer be pursuing their motion for relief as it is moot because the Trustee has abandoned any interest in the property.

# I. BACKGROUND

ACLAC, through its counsel Mr. Finnegan, brought an action against the debtor law firm in the Circuit Court of Independence County, Arkansas, Case No. CV2005-36-2, to recover a non-refundable retainer fee in the amount of $50,000 plus interest and attorney fees. No answer was received more than 30 days after effective service upon the debtor's registered agent. Accordingly, on April 5, 2005, ACLAC obtained a default judgment against the debtor in the amount of $63,896. That same date, ACLAC caused a Writ of Garnishment to issue against the debtor's Interest on Lawyers Trust Accounts (hereinafter "IOLTA") at Bank of America. Bank of America interpleaded the funds from these bank accounts into the Arkansas Circuit Court pursuant to an Interpleader Order entered on June 30, 2005.

On July 21, 2005, the Arkansas Circuit Court entered an Order to Disburse Funds, in which the Circuit Court found that the funds were subject to execution and payment on ACLAC's judgment against the debtor. Mr. Finnegan testified that he sent notice of all pleadings in the circuit court case to the debtor. He did not serve notice on any other parties and was unaware of any other parties who would have an interest in the proceedings.

Prior to the Order to Disburse Funds, the debtor filed its voluntary bankruptcy petition under Chapter 7 on July 18, 2005. The proof reflected that notice of the bankruptcy was

faxed to Mr. Finnegan's office on the same date, however, Mr. Finnegan testified that the fax machine was broken at that time.

Previously in 2004, a guardian for Linda Rhodes retained the debtor to represent Ms. Rhodes in a personal injury claim. It appears that the debtor settled Ms. Rhodes' personal injury claim and deposited the funds into one of the Bank of America IOLTA accounts. There is no dispute that the guardian for Ms. Rhodes did not receive notice regarding the circuit court case from Mr. Finnegan or from the debtor. Accordingly, Ms. Rhodes' interests were not represented in the circuit court proceedings.

## II. ARGUMENTS

While the debtor does not claim any interest in the funds, it asserts that because the action was originally brought against it, any continuation of the matter post-petition was a violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(1). Recognizing that monetary damages are not available under 11 U.S.C. § 362(h), the debtor has withdrawn its request for damages. Instead, the debtor seeks turnover of the funds.

In response, ACLAC and Mr. Finnegan assert that there was no violation of the automatic stay because the funds were not property of the estate. As to the request for turnover of the funds, ACLAC and Mr. Finnegan assert that the debtor has no standing to

assert turnover and that even if turnover were an available remedy, it would have to be brought by adversary.

The guardian for Ms. Rhodes submits that the debtor has at least a possessory interest in the funds and that such funds should be interpleaded into the bankruptcy court so that this Court can decide the true ownership of the funds.

### III. DISCUSSION

The first issue that must be resolved is whether or not there was a violation of the automatic stay. Pursuant to 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition operates as a stay of:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

In order to ascertain whether a proceeding is "against the debtor," as stated in 11 U.S.C. § 362(a)(1), the Court must examine the posture of the proceedings as it existed when initiated. *In re Delta Air Lines*, 310 F.3d 953, 956 (6th Cir. 2002) (citing *Cathey v. Johns-Manville Sales Corp.*), 711 F.2d 60, 62 (6th Cir. 1983) (holding that the initial status of the debtor as a defendant triggers the stay under § 362(a)). *See also In re Mid-City*

4 - U.S. Bankruptcy Court, M.D. Tenn.

*Parking, Inc.*, 332 B.R. 798, 808 (Bankr. N.D. Ill. 2005) (where state court suit was initially brought against debtor, all stages of the controversy are automatically stayed regardless of which party has most recently prevailed, the ultimate disposition, the current stage of the litigation, or the existence of a pending appeal) (citations omitted).

Here, the complaint in the Arkansas Circuit Court was initially brought against the debtor, and therefore, when the debtor filed its bankruptcy petition, the automatic stay prevented further action from being taken in the state court. Accordingly, the Court finds that there was a violation of the automatic stay. While the proof was inconclusive as to whether the initial post-petition violation of the stay was intentional, it is irrelevant under these circumstances because the remedy sought by the debtor is unavailable.

The debtor is not entitled to damages. Under 11 U.S.C. § 362(h), an "individual" injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. As conceded by the debtor, it is not an individual within the meaning of this statute, and therefore, it cannot collect damages. *See Limor v. Buerger (In re Del-Met Corp.)*, 322 B.R. 781, 827 (Bankr. M.D. Tenn. 2005).

Moreover, the remedy of turnover is not appropriate in this case, the first reason being that neither the debtor nor the debtor's estate own these funds. *See In re Freeman*, 331 B.R. 327, 329 (Bankr. N.D. Ohio 2005) (citing *Schieffler v. Pulaski Bank & Trust (In re Molitor)*, 183 B.R. 547, 554 (Bankr. E.D. Ark. 1995) (actions for turnover of estate property inherently concern issue of whether property is property of bankruptcy estate) and *In re Gunthorpe*, 280 B.R. 893, 895-96 (Bankr. S.D. Ala. 2001) (under § 542, turnover limited to estate property)). Furthermore, even if these funds were property of the estate, a Chapter 7 debtor generally does not have standing to bring an action for turnover. *In re Freeman*, 331 B.R. 327, 329. Specifically, turnover is governed by 11 U.S.C. § 542, which confers this right upon the trustee. *Id.*

While there is no remedy for the debtor, there was still a violation of the stay, and in the Sixth Circuit, "actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 911 (6th Cir. 1993). In particular, "only where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, will the protections of section 362(a) be unavailable to the debtor." *Id.* The limited equitable circumstances do not apply to this case.

Accordingly, the Court finds that the Arkansas Circuit Court's Order to Disburse Funds should be held void. However, because the debtor concedes that neither it nor the estate have an ownership interest in these funds, there is no reason for this Court to resolve any dispute regarding disbursement. Moreover, as pointed out by counsel for ACLAC and Mr. Finnegan, the Trustee has abandoned his interest, if any, in these funds, so the automatic stay is no longer in effect. Therefore, this Court finds that the parties should be returned to their respective positions prior to the filing of the bankruptcy petition and that the Arkansas Circuit Court should resolve the dispute, including any interest claimed on behalf of Ms. Rhodes.

## IV. CONCLUSION

For all of the foregoing reasons, the Court finds that the Arkansas Circuit Court's Order to Disburse Funds should be held void, that the funds should be returned to the Arkansas Circuit Court where they were previously interpleaded, and the matter should be remanded to the Arkansas Circuit Court for further proceedings consistent with this Memorandum Opinion.

An appropriate order will enter.